IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| BOARD OF TRUSTEES, | ) | |
| SHEET METAL WORKERS' | ) | |
| NATIONAL PENSION FUND, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action No. 1:14cv0212 (CMH/JFA) |
| v. | ) | |
| | ) | |
| N & K MECHANICAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the court on plaintiffs' motion for default judgment pursuant to
Fed. R. Civ. P. 55(b)(2). (Docket no. 9). Plaintiffs are the Board of Trustees of the Sheet Metal
Workers' National Pension Fund ("NPF"), the Board of Trustees of the International Training
Institute for the Sheet Metal and Air Conditioning Industry ("ITI"), the Board of Trustees of the
National Energy Management Institute Committee ("NEMIC"), and the Board of Trustees of
the Sheet Metal Occupational Health Institute Trust Fund ("SMOHIT"). They seek a default
judgment against defendant N & K Mechanical, Inc. ("N & K"). Pursuant to 28 U.S.C.
§ 636(b)(1)(C), the undersigned magistrate judge is filing with the court his proposed findings
of fact and recommendations, a copy of which will be provided to all parties.

### Procedural Background

On February 26, 2014, the plaintiffs filed this action alleging that N & K is obligated to
pay them for certain delinquent contributions, liquidated damages, interest, late fees, audit costs,
and attorney's fees and costs. (Docket no. 1). An alias summons was issued for the complaint
on March 12, 2014. (Docket no. 5). The alias summons and complaint were served on Karl

1

Linder, vice president of N & K, on March 28, 2014. (Docket no. 6). In accordance with Fed. R. Civ. P. 12(a), a responsive pleading was due on April 18, 2014, twenty-one days after N & K was served with the alias summons and complaint.

N & K failed to file a responsive pleading in a timely manner and on April 21, 2014, the plaintiffs filed their request for entry of default. (Docket no. 7). The Clerk of the Court entered default against N & K pursuant to Fed. R. Civ. P. 55(a) on April 22, 2014. (Docket no. 8). On April 29, 2014, the plaintiffs filed a motion for entry of default judgment with a supporting memorandum and declarations from Walter Shaw and Elizabeth Anne Coleman and a notice of hearing for May 16, 2014 at 10:00 a.m. (Docket nos. 9–13). The motion for default judgment, supporting memorandum, declarations, and notice of hearing were served on N & K by first class mail on April 29, 2014. *Id.* On May 8, 2014, the plaintiffs filed and served by first class mail a supplemental declaration from Walter Shaw. (Docket no. 14). On May 16, 2014, counsel for the plaintiffs appeared at the hearing on the motion for default judgment and no one appeared on behalf of N & K.

## Factual Background

The following facts are established by the complaint (Docket no. 1), the motion for default judgment, and the memorandum and declarations filed in support of the motion for default judgment (Docket nos. 9–12, 14).

Each of the plaintiffs is a "fiduciary" with respect to their particular fund as defined in 29 U.S.C. § 1002(21) and they are empowered to bring this action pursuant to 29 U.S.C. §§ 1132(a)(3) and 1132(g)(2). (Compl. ¶ 5). The NPF and the ITI are jointly-trusteed trust funds created and maintained pursuant to Section 302(c) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 186(c), and are "multiemployer plans" within the meaning of 29

U.S.C. § 1002(37).  *Id.*  NEMIC and SMOHIT are jointly-trusteed trust funds created and maintained pursuant to Section 302(c) of the LMRA, 29 U.S.C. § 186(c).  *Id.*  Each of the funds for which plaintiffs bring this action is administered in Fairfax, Virginia.  (Compl. ¶ 3).

N & K is a California corporation with a principal place of business in La Mirada, California and is an employer in an industry affecting commerce as defined by 29 U.S.C. §§ 152(2), and 1002(5), (11) and (12).  (Compl. ¶¶ 6, 7).  N & K employs employees represented for the purposes of collective bargaining by the Sheet Metal Workers' International Association Local Union No. 105, a labor organization representing employees in an industry affecting interstate commerce (the "Union").  (Compl. ¶ 9).  N & K was a party to and agreed to be bound by the terms and conditions of a collective bargaining agreement with the Union (the "Labor Contract").  (Compl. ¶ 10).  N & K also agreed to be bound by the terms of the agreements and declarations of trust of NPF, ITI, NEMIC, and SMOHIT (the "Trust Documents") made between certain employers and employee representatives.  (Compl. ¶ 11).

Under the Labor Contract and Trust Documents, N & K agreed to file monthly remittance reports detailing all employees or work for which contributions were required (Compl. ¶ 12) and to make full and timely contributions to the plaintiffs on behalf of employees who were covered by those agreements (Compl. ¶ 13).  A complete report and payment must be submitted by the twentieth day of each month following the month in which the work was performed, and are deemed delinquent if such payment and report are not received within that time period.  (Compl. ¶ 13).  Pursuant to 29 U.S.C. §§ 1132 and 1145, the Labor Contract, and the Trust Documents, N & K is liable to the plaintiffs for interest on delinquent contributions at the rate of 0.0233% per day, liquidated damages in the amount of 20% of the delinquent contributions owed upon filing of the action, and the attorney's fees and costs incurred in

pursuing the delinquent contributions. (Compl. ¶ 14). The Trust Documents also provide that an employer, such as N & K, must pay late fees for all contributions paid late, but prior to the commencement of litigation, equal to the greater of 10% of the delinquent contributions or $50.00. (Compl. ¶ 15). Pursuant to the terms of the Trust Documents, employers such as N & K are obligated to permit the Funds to conduct a payroll compliance audit and if the audit reveals a contribution shortage, the employer may be required to pay all related fees, including audit fees and attorney's fees and costs if legal counsel is engaged or if legal action is needed to collect an audit delinquency. (Compl. ¶ 18).

In the single count of the complaint, plaintiffs seek a judgment comprised of all sums due under the Labor Contract, the Trust Agreements, and applicable statutes, including $11,761.53 in unpaid contributions for the period of September 2013 through December 2013, plus interest thereon at the rate of 0.0233% per day compounded daily in the amount of $136.05; liquidated damages of $2,352.09; late fees for contributions not paid to the plaintiffs in a timely manner for the period of December 2012 through August 2013 in the amount of $1,520.17; contributions due for the months of April 2009, October 2009, July 2010, December 2010, March 2011, June 2011, December 2011, June 2012, and December 2012 in the amount of $1,682.18 as shown in an audit performed by the plaintiffs, along with interest in the amount of $360.19, liquidated damages in the amount of $336.24, audit fees and costs in the amount of $436.36; and attorney's fees and costs. (Compl. ¶¶ 20–21, 23–25).

In the motion for default judgment and Shaw declaration (Docket nos. 9 and 11-4), plaintiffs claim they are entitled to a judgment in following amounts.

4

| Plaintiff | Contributions | Interest through 4/24/2014 | Liquidated Damages | Late Fees | Audit Fees and Costs | Total |
|-----------|---------------|---------------------------|--------------------|-----------|---------------------|-------|
| NPF | $12,697.81 | $795.59 | $2,539.46 | $1,435.76 | $436.36 | $17,904.98 |
| ITI | $526.54 | $34.62 | $105.20 | $59.50 | $0.00 | $725.86 |
| SMOHIT | $87.76 | $5.79 | $17.46 | $10.00 | $0.00 | $121.01 |
| NEMIC | $131.60 | $8.69 | $26.21 | $14.91 | $0.00 | $181.41 |
| Total | $13,443.71 | $844.69 | $2,688.33 | $1,520.17 | $436.36 | $18,933.26 |

In his supplemental declaration, Mr. Shaw provides a chart showing how the late fees were calculated and states that due to a clerical error the amount of late fees sought in the complaint and motion for default judgment ($1,520.17) were understated and that the correct amount owed for late fees is $1,597.61. (Docket no. 14).

## Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." The court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment.

A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Rule 55(b)(2) provides that a court may conduct a hearing to determine

5

the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter.

## Jurisdiction and Venue

The plaintiffs allege that this court has subject matter jurisdiction under Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132. (Comp. ¶ 1). ERISA Section 502 provides that a district court of the United States shall have jurisdiction over civil actions brought under this title. This case is properly before the court under its federal question jurisdiction pursuant to 29 U.S.C. § 1132(e) because it is brought under ERISA for an alleged failure to make contributions in accordance with a collective bargaining agreement or multi-employer plan. The plaintiffs further allege that this court has subject matter jurisdiction under Section 301 of the LMRA, 29 U.S.C. § 185. *Id.* That section provides that United States district courts have jurisdiction over suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce. This case is also properly before the court pursuant to 29 U.S.C. § 185(a) because it is brought under the LMRA for violation of a contract between an employer and a labor organization.

ERISA Section 502 states that an action under this title may be brought in the "district where the plan is administered" and "process may be served in any other district where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). (Compl. ¶ 2). The plaintiffs state that they are administered in Fairfax, Virginia. (Compl. ¶ 3). On March 28, 2014, the alias summons and complaint were served on Karl Linder, the vice president of N & K Mechanical, Inc., who is an individual designated by law to accept service of process on behalf of N & K. (Docket no. 6). Venue is proper in this court and this court has personal jurisdiction over the

6

defendant because the plaintiffs are administered within the Alexandria Division of the Eastern District of Virginia. *See Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. McD Metals, Inc.*, 964 F. Supp. 1040 (E.D. Va. 1997) (personal jurisdiction in an ERISA action should be determined on the basis of the defendant's national contacts with the United States pursuant to the Due Process Clause of the Fifth Amendment and ERISA itself provides for nationwide service of process).

For these reasons, the undersigned magistrate judge recommends a finding that this court has subject matter jurisdiction over this action, that the court has personal jurisdiction over the defendant, and that venue is proper in this court.

## **Grounds for Entry of Default**

The complaint was served on Karl Linder, vice president of N & K, on March 28, 2014. (Docket no. 6). Under Fed. R. Civ. P. 12(a), a responsive pleading was due on April 18, 2014, twenty-one days after the complaint was served on the defendant. After the defendant failed to file an answer or responsive pleading in a timely manner, the plaintiffs requested an entry of default on April 21, 2014. (Docket no. 7). The Clerk of the Court entered a default on April 22, 2014. (Docket no. 8).

The undersigned magistrate judge recommends a finding that the defendant was served properly, that it failed to file a responsive pleading in a timely manner, and that the Clerk of the Court properly entered a default as to the defendant.

## **Liability and Measure of Damages**

Rule 54(c) provides that a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Because the defendant did not file a responsive

pleading and is in default, it admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6).

As set forth in the complaint, N & K failed to submit remittance reports and contributions to the plaintiffs for the period of September 2013 through December 2013 (Compl. ¶ 23) and failed to pay the required contributions due for the months of April 2009, October 2009, July 2010, December 2010, March 2011, June 2011, December 2011, June 2012, and December 2012. (Compl. ¶ 20). Specifically, 29 U.S.C. § 132(g)(2) provides that in any action brought to enforce the payment of delinquent contributions in which a judgment in favor of the plan is awarded, the court shall award the plan:

      (A) the unpaid contributions,

      (B) interest on the unpaid contributions,

      (C) an amount equal to the greater of --

            (i) interest on the unpaid contributions, or

            (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

      (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

      (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

In support of their claim for damages, the plaintiffs submitted a declaration from Walter Shaw (Docket no. 11) ("Shaw Decl.") and a supplemental declaration (Docket no. 14) ("Shaw Supp. Decl."). Mr. Shaw is the Billing and Eligibility Manager of the NPF and he is familiar with the payment histories of employers obligated to make contributions to each of the

plaintiffs. (Shaw Decl. ¶ 1). The information contained in the declaration and supplemental declaration of Mr. Shaw submitted on behalf of the plaintiffs establishes that N & K owes at least $11,761.53 to the plaintiffs in unpaid contributions for the months of September 2013 through November 2013, and $1,682.18 in unpaid contributions for the months of April 2009, October 2009, July 2010, December 2010, March 2011, June 2011, December 2011, June 2012, and December 2012; late fees for the period of December 2012 through August 2013 in the amount of $1,597.61, interest of $844.69 calculated at a rate of 0.0233% per day from the date the payment was due through April 24, 2014; liquidated damages of $2,688.33 on the contributions unpaid at the commencement of litigation calculated at a rate of 20%; and audit fees and costs related to the audit in the amount of $436.36. (Shaw Decl. ¶¶ 6, 9, 12-15; Shaw Supp. Decl. ¶ 5).

The plaintiffs also submitted a declaration from Elizabeth Anne Coleman detailing the attorney's fees and costs incurred in this action. (Docket no. 12) ("Coleman Decl."). The total amount of the attorney's fees incurred was $6,034.00. (Coleman Decl. ¶ 5). The $6,034.00 in fees is comprised of 3.4 hours of counsel's time at an hourly rate of $280.00, 9.2 hours of counsel's time at an hourly rate of $270.00, 1.9 hours of counsel's time at an hourly rate of $250.00, 9.3 hours of legal assistant time at an hourly rate of $155.00, and 4.7 hours of legal assistant time spent at an hourly rate of $145.00. *Id.* The amount of costs was $740.07, which is comprised of $3.00 in facsimile fees, $400.00 in court filing fees, $219.00 in process server fees, $18.07 in overnight delivery charges, $64.50 in courier fees, $31.64 in postage fees, and $3.86 in telephone fees. (Coleman Decl. ¶ 6). The undersigned magistrate judge has reviewed the declaration of Ms. Coleman and recommends a finding that the hourly rates charged and the

costs incurred by the plaintiffs are reasonable.[1]  After reviewing the individual time entries, the court also recommends a finding that the time entries recorded by counsel and the legal assistants appears to be reasonable.  Accordingly the undersigned recommends an award of $6,034.00 in fees and $740.07 in costs.

For these reasons the undersigned recommends that a default judgment be entered in favor of the plaintiffs against N & K in the amounts shown below:

| Plaintiff | Contributions | Interest through 4/24/2014 | Liquidated Damages | Late Fees | Audit Fees and Costs | Total |
|---|---|---|---|---|---|---|
| NPF | $12,697.81 | $795.59 | $2,539.46 | $1,508.51 | $436.36 | $17,977.73 |
| ITI | $526.54 | $34.62 | $105.20 | $62.89 | $0.00 | $729.25 |
| SMOHIT | $87.76 | $5.79 | $17.46 | $10.48 | $0.00 | $121.49 |
| NEMIC | $131.60 | $8.69 | $26.21 | $15.73 | $0.00 | $182.23 |
| Total | $13,443.71 | $844.69 | $2,688.33 | $1,597.61 | $436.36 | $19,010.70 |

| Attorney's Fees | Costs | Total |
|---|---|---|
| $6,034.00 | $740.07 | $6,774.07 |

---

[1]  The Coleman declaration does not comply fully with the standards set forth in *Grissom v. The Mills Corp.*, 549 F.3d 313, 320-23 (4th Cir. 2008), *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 (4th Cir. 1978) and *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990) for establishing a reasonable hourly rate. The Coleman declaration merely states that the hourly rates charged are consistent with prevailing market rates in the Eastern District of Virginia for those of similar skill for ERISA cases without providing any supporting information or basis for that opinion. However, since the defendant has not contested the hourly rates in this case, the court will accept the allegations set forth by the plaintiffs concerning the reasonableness of those rates as true. The hourly rates and costs requested are consistent with the rates and costs incurred in similar cases and awarded by this court.

## Conclusion

For the reasons stated above, the undersigned recommends that a judgment be entered in favor of the plaintiffs the Board of Trustees of the Sheet Metal Workers' National Pension Fund, the Board of Trustees of the International Training Institute for the Sheet Metal and Air Conditioning Industry, the Board of Trustees of the National Energy Management Institute Committee, and the Board of Trustees of the Sheet Metal Occupational Health Institute Trust Fund in the total amount of **$25,784.77**, which includes contributions of $13,443.71, interest of $844.69, liquated damages of $2,688.33, late fees of $1,597.61, audit fees of $436.36, and legal fees and costs of $6,774.07.

## Notice

By means of the court's electronic filing system and by mailing a copy of the proposed findings of fact and recommendations to N & K Mechanical, Inc., Karl Linder, Vice President, 14034 El Espejo Road, La Mirada, CA 90638 and 700 Church Hill Road, La Habra, CA 90631 the parties are notified that objections to this proposed findings of fact and recommendations must be filed within fourteen (14) days of service of this proposed findings of fact and recommendations and a failure to file timely objections waives appellate review of the substance of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on this proposed findings of fact and recommendations.

ENTERED this *19th* day of May, 2014.

_____/s/_____

John F. Anderson
United States Magistrate Judge

John F. Anderson
United States Magistrate Judge

Alexandria, Virginia

11